1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

SALLY GIBSON,

     Defendant.

NO.  CR-03-151-RHW

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL, NEW TRIAL OR OTHER APPROPRIATE RELIEF**

Before the Court is Defendant's Motion for Judgment of Acquittal, New Trial or Other Appropriate Relief (Ct. Rec. 268).  A hearing was held on the motion on November 21, 2005, in Spokane, Washington.  Defendant was present and represented by Beth M. Bollinger.  The Government was represented by George Jacobs.

**A.    Jurisdiction**

On March 24, 2005, Defendant filed her notice of appeal (Ct. Rec. 234). Generally, once an appeal has been filed, the district court is divested of jurisdiction over the case at hand.  *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981).  An exception to this general rule lies if "'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy."  *Id.*  Because Defendant has filed an appeal, under *Taylor,* then, she must prove the existence of circumstances sufficiently extraordinary to warrant dual proceedings before the Court can exercise jurisdiction over Defendant's motion.  *Id.*  Defendant is unable to do so, because, in this case, there are no extraordinary circumstances that outweigh the administrative convenience and judicial economy.

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL, NEW TRIAL OR OTHER APPROPRIATE RELIEF ~ 1**

1    Alternatively, Defendant relies on the United States Supreme Court case of

2   *United States v. Cronic*, 466 U.S. 648 (1984), to support her contention that this Court

3   has jurisdiction to hear this case.  In that case, while a direct appeal was pending, the

4   defendant filed a motion to vacate his conviction on the ground that he had newly-

5   discovered evidence of perjury and that the Government knew or should have known of

6   that perjury, and to challenge the competence of his trial counsel.  *Id.* at 652.  Although

7   the district court refused to hear the motion, the Tenth Circuit reversed the conviction

8   because it inferred that the defendant's constitutional rights to effective assistance of

9   counsel had been violated.  In a footnote, the Supreme Court held that the district court

10   erred in determining it did not have jurisdiction to entertain the claim for ineffective

11   assistance of counsel in a motion for new trial under Federal Rule of Criminal

12   Procedure 33.  *Id.* at 667 n.42.

13    It is this footnote upon which Defendant relies  to assert that this Court has

14   jurisdiction to hear this motion.  Fed. R. Crim. P. 33 authorizes the Court, upon a

15   motion by the defendant, to vacate any judgment and grant a new trial if the interest of

16   justice so requires.  The Rule specifically states that a motion for new trial based on

17   newly-discovered evidence must be filed within 3 years after the verdict, and sets forth

18   that if an appeal is pending, the court may not grant a motion for a new trial until the

19   appellate court remands the case.  Fed. R. Crim. P. 33(b)(1).  Any motion for a new trial

20   grounded on any reason other than newly-discovered evidence, however, must be filed

21   within 7 days after the verdict.  Fed. R. Crim. P. 33(b)(2).  Defendant is not making the

22   argument that she is entitled to a new trial based on newly-discovered evidence and,

23   therefore, would be precluded from claiming other grounds for a new trial by the 7-day

24   time limit, notwithstanding the footnote in *Cronic*.

25    Defendant also asserts that the Court has the authority to issue a writ of coram

26   nobis, and it is under this authority that the Court can hear Defendant's motion.  Federal

27   courts have authority to issue the writ of coram nobis under the All Writs Act, 28

28

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL, NEW TRIAL OR OTHER APPROPRIATE RELIEF ~ 2**

U.S.C. § 1651(a).[1]  The purpose is to correct errors of fact of such fundamental character as to render the proceeding itself irregular and invalid.  *Taylor*, 648 F.2d at 570 n.14.  Also, "[t]he writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody."  *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005) (citations omitted).  "Specifically, the writ [of coram nobis] provides a remedy for those suffering form the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors."  *Id*. (citations omitted).

To qualify for coram nobis relief, defendant must satisfy four requirements: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.  *Kwan*, 407 F.3d at 1011 (citations omitted).

Here, Defendant cannot satisfy the first element because a more usual remedy is available, that is, the pending direct appeal before the Ninth Circuit.

Finally, the Court disagrees that it can rely on its inherent supervisory power "to correct any error in the record and provide relief as appropriate," as Defendant suggests. *See Carlisle v. United States*, 517 U.S. 416, 421, 426 (1996) ("Whatever the scope of this 'inherent power,' however, it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure. . . . There is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal, regardless of whether the motion is

//

---

[1]              (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

                 (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651.

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL, NEW TRIAL OR OTHER APPROPRIATE RELIEF ~ 3**

1  accompanied by a claim of legal innocence, is filed before sentencing, or was filed late

2  because of attorney error.").

3      Accordingly, Defendant's motion is denied because the Court does not have

4  jurisdiction to hear the motion.

5  **B.    Substantive Analysis**

6      Even if this Court were to have jurisdiction to hear Defendant's motion, the Court

7  would not disturb its previous ruling with regard to Defendant's Motion for Judgment

8  of Acquittal or New Trial (Ct. Rec. 193).  Defendant takes issue with statements that

9  were made at the sentencing hearing.  The record before the Court at sentencing was

10  different than the record that was before the jury.  At sentencing, Defendant spoke at

11  great lengths regarding her involvement in the conspiracy and the individual charges.

12  Victims testified, and the United States Probation Officer prepared a detailed

13  presentence report.  Any statements made at the sentencing hearing were made in

14  relationship to Defendant's sentence, and were not intended to be taken as a comment

15  on the sufficiency of the evidence that was presented at trial.

16      Moreover, if the Court intended to overturn a prior order, or if the Court

17  genuinely believed that there was not sufficient evidence in the record to convict

18  Defendant, it would have made such findings clearly and succinctly on the record.

19      Accordingly, for the reasons stated on the record and in this order,

20      **IT IS HEREBY ORDERED**:

21      1.    Defendant's Motion for Judgment of Acquittal, New Trial or Other

22  Appropriate Relief (Ct. Rec. 268) is **DENIED**.

23      **IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter

24  this order and to furnish copies to counsel and U.S. Probation.

25      **DATED** this 22nd day of November, 2005.

26

27  s/ ROBERT H. WHALEY
   Chief United States District Judge

28  Q:\CRIMINAL\2003\Spokane Fraud\GIBSON\deny.wpd

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF
ACQUITTAL, NEW TRIAL OR OTHER APPROPRIATE RELIEF ~ 4**